IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00467–PAB–KMT

BWP MEDIA USA, INC. d/b/a PACIFIC COAST NEWS, and
NATIONAL PHOTO GROUP, LLC,

    Plaintiff,

v.

CLARITY DIGITAL GROUP, LLC,

    Defendant.

---

# ORDER

---

This matter is before the court on "Defendant's Motion for Protective Order Limiting the Scope of Discovery to Issues of Immunity Pending Summary Judgment Ruling" ("Deft.Mot.Ltd.Disc.") [Doc. No. 30] and "Plaintiffs' Rule 56(d) Motion to Continue Defendant's Motion for Summary Judgment Pending the Conclusion of Discovery" ("Pl.Mot.Ltd.Disc.") [Doc. No. 36].

Clarity Digital Group n/k/a AXS Digital Media Group requests that the court, "set[ ] forth an initial phase of discovery limited exclusively to allowing Plaintiffs to develop whatever facts they establish, pursuant to Fed. R. Civ. P. 56(d), they need to respond to the Defendant's pending Motion for Summary Judgment on immunity grounds, . . . ." (Deft.Mot.Ltd.Disc. at 11.) Plaintiffs request that the court, "permit Plaintiffs to conduct discovery, including interparty written discovery as well as third-party written discovery and depositions, regarding information

reasonably relevant to whether Defendant is entitled to 'safe harbor' protections under the DMCA."[1] (Pl.Mot.Ltd.Disc. at 2). Defendant requests the court order the bifurcated discovery be completed in the manner the parties previously agreed, as follows

> "Plaintiffs' counsel suggested a five-month discovery period . . . devoted exclusively to addressing the pending DMCA immunity question, and proposed a deadline for responding to Defendant's motion 30 days after that discovery period closes. *Id.* ¶ 6. Defendant agreed to this time frame, and the parties agreed, as well, that Defendant would then have 21 days after that to file a reply in support of its Motion for Summary Judgment. *Id.* The parties agreed to exchange Initial Voluntary Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)– limited only to the DMCA immunity issue – by June 10, 2014.

(Deft.Mot.Ltd.Disc. at 3). Plaintiffs request the court to "continue Defendant's Motion for Summary Judgment for one hundred and fifty (150) days,[2] to permit Plaintiffs to conduct discovery on information reasonably relevant to whether Defendant qualifies for 'safe harbor' protection under the DMCA. . . . " (Pl.Mot.Ltd.Disc. at 2).

In spite of the fact both parties agreed on the same two phase approach to discovery, they have managed to continue "arguing" through another five pleadings (see Doc. Nos. 33, 39, 40, 41 and 44), at least two of which are clearly not allowable under the Federal Rules of Civil Procedure or the District of Colorado's Local Rules of Practice (Civil) nor under either District Judge Phil Brimmer's nor Magistrate Judge Kathleen Tafoya's Practice Standards. The parties senselessly badgered one another about the description of the many unnecessary filings, inviting the court to wallow with them in the mire of a seemingly unending debate of form over substance.

---

[1] Digital Millennium Copyright Act, Title 17 U.S.C. § 512.
[2] 150(days) ÷30=5(months).

It does not bode well that the parties filed seven separate pleadings arguing with one another and wasting the court's time sorting out the documents when there is **no disagreement** for the court to resolve, at least at this stage. Both sides agree that resolution of the issue of immunity under the DMCA should be addressed before the parties engage in copyright infringement discovery. They both agree to a period of five months for that discovery and a time table for finalizing the briefing.

Fed. R. Civ. P. 56(d) provides that a nonmovant seeking to delay resolution of a summary judgment motion pending further discovery must "present an affidavit that identifies the probable facts not available and what steps have been taken to obtain these facts." *Moody v. FMS, Inc.*, Case No. 12-cv-03009-MSK-MJW, 2014 WL 334801, *2 (D. Colo. Jan, 30, 2014); *FDIC v. Arciero,* ⸺ F.3d ⸺, 2013 WL 6698127 (10th Cir. Dec. 20, 2013), *citing Trask v. Franco,* 446 F.3d 1036, 1042 (10th Cir. 2006). The nonmovant must also "explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *Id.*

Both parties filed declarations supporting their requests for bifurcated discovery. See "Declaration of Craig B. Sanders, Esq. in Support of Plaintiffs' Rule 56(d) Motion to Continue Defendant's Motion for Summary Judgment Pending the Conclusion of Discovery" [Doc. No. 37] and "Declaration of Steven D. Zansberg" [Doc. No. 31.] In particular, the court finds that Mr. Sanders has set forth facts not available to the Plaintiffs which are needed to adequately address the summary judgment issues (see Doc. No. 37-1) and the Plaintiffs have therefore met their burden under Rule 56(d).

It is therefore **ORDERED**

"Defendant's Motion for Protective Order Limiting the Scope of Discovery to Issues of Immunity Pending Summary Judgment Ruling" [Doc. No. 30] and "Plaintiffs' Rule 56(d) Motion to Continue Defendant's Motion for Summary Judgment Pending the Conclusion of Discovery" [Doc. No. 36] are **GRANTED** in part as follows:

1.   The parties may engage in discovery reasonably relevant to whether Defendant qualifies for "safe harbor" protection under the DMCA, 17 U.S.C. § 512, through January 6, 2015.

2.   Further briefing on "Defendant's Motion for Summary Judgment" [Doc. No. 19] is **STAYED** until February 6, 2015.

3.   Plaintiffs' response to Defendant's Motion for Summary Judgment will be filed on or before February 6, 2015.

4.   Defendant's reply to Plaintiffs' response to Defendant's Motion for Summary Judgment will be filed on or before February 25, 2015.

5.   A Scheduling/Status Conference will be held on **April 16, 2015 at 9:30 a.m.** before Magistrate Judge Kathleen M. Tafoya to discuss all remaining discovery issues.

"Defendant's 'Sur-Reply' to Plaintiffs' Improper So-Called 'Reply'" [Doc. No. 41] and "Plaintiffs' Letter Motion Requesting that the Court Enter a Protective Order for Telephonic and Other Remote Depositions (FRCP 30(b)(4); L.C.R. 37.2)" [Doc. No. 44] are **STRICKEN**.

The parties are advised that this court will not waste its time on motions which carp over picayune details of whether a discovery request technically fits the definition of "information reasonably relevant to whether Defendant qualifies for "safe harbor" protection under the

DMCA." Only motions of sufficient gravity directed at violations of the two phase discovery plan will be allowed. Sufficient gravity means that the expansion of the discovery against which a party complains involves a serious breach which has substantial negative ramifications to the injured party. Motions complaining of petty deviations which do not result in burdensome time commitments or monetary expenditures may be met with sanctions in the form of attorney fee awards against the complaining party and its attorneys, even if the complaint is technically legitimate. In other words, counsel are directed to act professionally toward one another and to consider the practical realities of bifurcated discovery, which generally requires flexibility to achieve maximum efficiency in light of the case as a whole.

Dated this 7th day of August, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge