IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00467-PAB-KMT

BWP MEDIA USA INC., d/b/a Pacific Coast News, and
NATIONAL PHOTO GROUP, LLC,

    Plaintiffs,

v.

CLARITY DIGITAL GROUP, LLC,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on defendant Clarity Digital Group's Motion for Attorneys' Fees [Docket No. 70] and plaintiffs' Motion to Stay Consideration of Defendant's Motion for Attorneys' Fees [Docket No. 81].

**I. BACKGROUND**

Defendant owns and operates www.examiner.com ("Examiner.com"), a website where visitors can access articles on a variety of topics including arts, entertainment, news, sports, and technology. *See* Docket No. 78 at 3. The majority of the content posted to Examiner.com is submitted by regular contributors, whom defendant refers to as "Examiners." *Id*. Plaintiffs BWP Media USA, Inc., d/b/a Pacific Coast News, and National Photo Group, LLC are the owners of photographs, which they license for use by online and print publications. *Id*.

On February 24, 2014, plaintiffs filed this copyright infringement action against

defendant. Docket No. 1. Plaintiffs accused defendant of copying, posting, and/or displaying 75 of their photographs on the website examiner.com without permission or authorization. Docket No. 70 at 5. On May 15, 2014, defendant moved for summary judgment. Docket No. 19. On March 31, 2015, this Court granted defendant's summary judgment motion. Docket No. 66 at 24. The Court found that defendant was entitled to immunity from plaintiffs' claims under the "safe harbor" provision of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c). *Id.* at 23.

On April 24, 2015, defendant filed the instant motion for attorneys' fees. Docket No. 70. Defendant requests an award of $185,126.00 for successfully defending against all of plaintiffs' copyright claims. *Id*. at 8. Defendant also requests that the Court hold plaintiffs' counsel jointly and severally liable for defendant's fees and costs pursuant to 28 U.S.C. § 1927. *Id*. at 11 n.7.

On June 8, 2015, plaintiffs filed a motion to stay consideration of defendant's motion for attorneys' fees. Docket No. 81.

## II. ANALYSIS

### A. Motion to Stay

In light of the Court's ruling on defendant's motion for fees, plaintiffs' motion to stay will be denied as moot.

### B. Attorney's Fees

The "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v.*

*Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010) (internal quotation marks omitted). Defendant seek attorneys' fees pursuant to two statutes: 17 U.S.C. § 505 and 28 U.S.C. § 1927. Defendant make four arguments in support of its request for attorney's fees: (1) it achieved complete success in defeating plaintiffs' claims, Docket No. 70 at 9; (2) plaintiffs' claims were frivolous and objectively unreasonable, *id.*; (3) plaintiffs and their counsel pursued this action in bad faith, *id.* at 11; and (4) a fee award furthers the purposes of the Copyright Act, *id.* at 12.

### 1. 17 U.S.C. § 505

> [T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. A party in "copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). "Prevailing plaintiffs and prevailing defendants are to be treated alike," but whether fees should be awarded to the prevailing party is left to the court's discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

In determining whether to award fees under § 505, the court may consider the following nonexclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (internal quotation marks omitted); *see also Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005) (approving use of *Fogerty*

factors).

Defendant argues that it is entitled to fees because it obtained complete success in dismissing plaintiffs' claims with prejudice. Docket No. 70. Defendant cites *Hobbs v. Qualmark Corp.*, 125 F. App'x 960 (10th Cir. 2005) (unpublished). Docket No. 70 at 9. While the Court agrees that defendant achieved complete success in defending against plaintiffs' claims, *Hobbs* does not say anything about how the degree of success affects a district court's exercise of discretion.

Defendant argues that plaintiffs' claims were without factual support and were therefore objectively unreasonable and frivolous. Docket No. 70 at 9. A copyright infringement claim is "objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of a legal or factual basis." *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009) (internal quotation marks omitted). In its order granting defendant's motion for summary judgment, the Court analyzed an issue of first impression–whether, based on plaintiffs' construction of the term "user," the § 512(c) safe harbor provision applied to defendant. Docket No. 66 at 12. Plaintiffs argued that the term "user" in § 512(c)(1) does not cover a service provider's "owner[s], employee[s] and/or agent[s]" and that the Examiners should not be considered "users" of Examiner.com for purposes of § 512(c) protection. *See id*. The Court dedicated seven pages of analysis to construing this term and ultimately resolved the issue against plaintiffs. *See id*. at 12-19. Plaintiffs' argument as to the term "user" did not fail because it lacked underlying factual support. Though "a copyright defendant's success on the merits in a case of first impression may militate in favor of a fee award . . . a

successful defense in an important case" does not mandate an award of attorney's fees. *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998). "[B]ecause novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim." *Id*. This case presented an issue of first impression. The Court does not find that defendant has shown that plaintiffs' theory of copyright infringement was frivolous or objectively unreasonable.

In support of its § 505 request, defendant argues that plaintiffs and their counsel pursued this action in bad faith. Docket No. 70 at 11. Defendant asserts that plaintiffs sent it an unsigned demand letter prior to initiating the suit, and that plaintiffs refused to consent to bifurcate discovery or accept defendant's proposed factual stipulation. *Id*. at 11-12. Defendant contends that "[p]laintiff's counsel imposed the burdens and expenses of discovery and motions practice on [defendant] without conducting any investigation into the factual basis for its claims, even after they had received sworn declarations from two of the Examiners categorically denying those factual allegations." *Id*. at 12.

Defendant cites no authority for its argument that sending a demand letter prior to initiating a lawsuit, refusing to consent to bifurcate discovery, or refusing to agree to factual stipulations gives rise to an inference of bad faith. The Court finds no basis on which to conclude that plaintiffs acted with improper motivation or brought their copyright claim in bad faith. *See Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 820 F. Supp. 2d 569, 574 (S.D.N.Y. 2011) ("[prevailing defendant] does not point to any direct

or even circumstantial evidence of [plaintiff's] alleged ulterior motive"); *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1270 n.11 (10th Cir. 2008) ("Neither are we presented with evidence suggesting that Meshwerks' motivation in filing this suit was anything other than sincere.").

Defendant argues that a fee award in this case would further the purposes of the Copyright Act and "is proper here because it 'is designed to chill' the filing of 'additional frivolous lawsuits' by [p]laintiffs and their counsel, who have made a cottage industry of bringing infringement actions against ISPs and others in the hopes of extracting quick settlements." Docket No. 70 at 12-13. The Court disagrees because it does not find that plaintiffs' lawsuit was frivolous.

Accordingly, in the exercise of its discretion, the Court will not award attorney fees to defendant pursuant to 17 U.S.C. § 505.

### 2. 28 U.S.C. § 1927

In a footnote, Docket No. 70 at 11 n.7, defendant requests that the Court make plaintiffs' counsel jointly and severally liable for an award of fees and costs based upon 28 U.S.C. § 1927, which provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"An attorney's actions are considered vexatious and unreasonable under § 1927 if the attorney acted in bad faith," *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985), or if the attorney's conduct constitutes a "reckless disregard of the duty owed by counsel to the court." *Braley v. Campbell*, 832 F.2d

6

1504, 1511-12 (10th Cir. 1987). Sanctions under § 1927 are also appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).

As discussed above, defendant has not established that plaintiffs have acted in bad faith in pursuing this lawsuit, and there is no basis to impute bad faith by their attorneys. Therefore, the Court will not award defendant fees under 28 U.S.C. § 1927.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Clarity Digital Group's Motion for Attorneys' Fees [Docket No. 70] is **DENIED**. It is further

**ORDERED** that plaintiffs' Motion to Stay Consideration of Defendant's Motion for Attorneys' Fees [Docket No. 81] is **DENIED**.

DATED March 29, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge